Submitted on the record February 14, ballot title certified February 28, 2002

Andrea R. MEYER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S49232)

41 P3d 420

Roy Pulvers, Lindsay, Hart, Neil & Weigler LLP, Portland, filed the petition for petitioner.

Erika L. Hadlock, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this ballot title review proceeding, petitioner challenges two aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 166 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioner's arguments and conclude that they are not well taken. Accordingly, we certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION:   PROHIBITS SOME
TRIAL-COURT JUDGES FROM INVALIDATING
OR PREVENTING IMPLEMENTATION OF
APPROVED STATEWIDE BALLOT MEASURES

RESULT OF "YES" VOTE:   "Yes" vote prohibits some trial-court judges (those elected in single counties) from invalidating, preventing implementation of statewide ballot measures approved by majority of voters.

RESULT OF "NO" VOTE:   "No" vote retains current law allowing judges, including those elected in single counties, to rule on validity of approved statewide ballot measures during judicial proceedings.

SUMMARY:   Amends constitution.  Under existing law, circuit-court judges (commonly known as trial-court judges) may decide whether statewide ballot measures, including measures that have been approved by voters, are constitutional and otherwise valid. Currently, circuit-court judges make those decisions in two contexts: (1) when a measure is directly challenged in circuit court; and (2) when the alleged invalidity of a measure is raised as a defense to a circuit-court action. Currently, some of Oregon's circuit-court judges are elected in single counties. This measure prohibits any judge who is elected in a single county from invalidating, or in any other way, including enjoining

counting/canvassing of votes, preventing implementation of a ballot measure approved by majority of Oregon voters in a statewide election.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(11).